THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHUR Y LEE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 24 C 02107 |
| | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| FREEDOM MORTGAGE, | ) | |
| | ) | |
| *Defendant.* | ) | |

**OPINION AND ORDER**

Plaintiff Ashur Y Lee ("Lee") brings this civil action against Defendant Freedom Mortgage for alleged mortgage fraud. Basing jurisdiction upon the False Claim Act (FCA), and 42 U.S.C. § 1983, Lee seeks declaratory and injunctive relief in addition to monetary damages. Freedom Mortgage moves to dismiss the Complaint for failure to state a claim. (Dkt. 15). The Court set a briefing schedule and Lee failed to respond to the motion. Instead, Lee filed a "Notice" informing the Court that the Defendants were abusing the authority of the Court by seeking an extension of time to answer the Complaint. The Court had granted the extension. For the reasons set forth below, the Court grants the motion to dismiss [15].

**BACKGROUND**

Lee filed a rambling 39-page Complaint alleging mortgage fraud and seeking over $1 million in damages. (Dkt. 1). Dozens of pages from unrelated periodicals have been presented along with a hodgepodge of accusations alleging violations of the UCC, Black's Law Dictionary, and MERS. (Dkt. 1 at 12, 19, 31). The Court attempts to decipher the following facts from Lee's Complaint and liberally construes his pro se pleading. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016); *Greyer v. IDOC*, 933 F.3d 871, 878 (7th Cir. 2019); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

1

Case: 1:24-cv-02107 Document #: 27 Filed: 01/07/25 Page 2 of 9 PageID #:128


("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up).

In June 2016, Lee entered into a mortgage loan agreement with Finance of America Mortgage, LLC for the property located at 323 McKool Avenue, Romeoville, Illinois. (Dkt. 1 at 1, 5). The transaction was evidenced by a promissory note and secured by a mortgage. (Dkt. 1 at 5). Lee alleges that "after March 27, 2024", Finance of America Mortgage, LLC ("Finance of America") transferred ownership of the promissory note and mortgage to Defendant Freedom Mortgage. (*Id.*) Lee, however, also provides a chart that indicates an assignment of the real estate mortgage occurred on December 27, 2019. (*Id.* at 16). Lee asserts that, despite several requests, Freedom Mortgage failed to provide the original promissory note and loan accounting entries that detail the debt amount. (*Id*. at 2). Lee asserts that the mortgage is "invalid and unenforceable on that it became fully matured on November 29, 2023, or 9 months after." (*Id.* at 5). Lee informed Freedom Mortgage that he was withholding mortgage payments until "validation/investigation was conducted," which Freedom Mortgage never did. (*Id.*) Lee alleges that Freedom Mortgage never notified Lee about the transferred ownership of the promissory note and mortgage. (*Id.* at 15). He "questions the authenticity of ALL dates and/or ALL signatures by ALL parties on ALL documents." (*Id.* at 9). Lee seeks to prevent all potential pre-foreclosure and eviction efforts and seeks in excess of a million dollars in damages. (*Id.* at 2). It is unclear from his allegations if there has been a foreclosure order entered by the state court or if the Plaintiff is in foreclosure proceedings currently.

On March 13, 2024, Lee filed suit against Freedom Mortgage, alleging fraud and violations of the FCA, 42 U.S.C. Section 1983, and Freedom Mortgage's fiduciary duties (Dkt. 1 at 3–5). Lee seeks injunctive relief, a declaratory judgment, and monetary damages. (*Id.* at 2, 28, 38). Although citing to the Court's obligation to ensure its jurisdiction in its motion, Freedom Mortgage move to dismiss for failure to state a claim. (Dkt. 15). Defendant fails to provide any information regarding the status of the foreclosure.

**LEGAL STANDARD**

Claims that seek review of a state court foreclosure judgment in federal court are barred by the *Rooker-Feldman* doctrine. *See Nora v. Residential Funding Co., LLC*, 543 Fed. Appx. 601, 602 (7th Cir. 2013) (*Rooker-Feldman* bars "asking a federal district court to review and reject the state court's judgment of foreclosure of [plaintiff's] property. *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004)). Additionally, "a request for review of a state-court foreclosure decision that includes a claim for damages based on charges of defrauding the state court" is not an allegation of independent injury but rather seeks to redress injury allegedly caused by the state court judgment. *Nora*, 543 Fed.Appx. at 602. "[A]llegations of fraud and conspiracy [surrounding state foreclosure proceedings] fit the mold of the general rule." *Id.*; *see also Taylor*, 374 F.3d at 534 (stating that claims for "extrinsic fraud and fraud on a court" allege injuries that "arose not from an independent violation of [a plaintiff's] rights but from the extrinsic fraud upon the state court and intentional deprivation of her property that [plaintiff] claims occurred due to that violation").

It is possible, that the Court has no jurisdiction over the matter simply due to the status of the state court proceeding. However, the Court assumes that the Defense would have provided that information in order to show lack of jurisdiction, and since it did not, The Court will review the possible claims set forth.

On a Rule 12(b)(6) motion to dismiss, the Court accepts "as true all factual allegations in the amended complaint and draw[s] all permissible inferences in [the plaintiff]'s favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). The Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

3

(1957)). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pro se motions, however, should be construed liberally. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018).

Rule 9(b) provides a heightened pleading standard for fraud-based claims. The plaintiff is required to state, "with particularity," any "circumstances constituting fraud." Fed. R. Civ. P. 9(b). "This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

## **DISCUSSION**

### I.  **False Claims Act Claims**

Lee attempts to assert federal jurisdiction by alleging that Freedom Mortgage violated the False Claims Act. Pursuant to the FCA, "a private citizen may sue as a 'relator' in a *qui tam* action to recover funds fraudulently obtained from the United States government." *United States ex rel. Heath v. Wisconsin Bell, Inc.*, 92 F.4th 654, 659 (7th Cir. 2024). Under the FCA, private individuals may file civil actions, known as *qui tam* actions, on behalf of the United States to recover money that the government paid as a result of conduct forbidden under the Act. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 912 (7th Cir. 2009). Here, Lee is not filing suit on behalf of the government, nor did he contend that Freedom Mortgage fraudulently obtained funds from the United States government. Accordingly, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's FCA claims. Critically, Lee claims federal jurisdiction based on the FCA claim.

### II.  **Section 1983 Claims**

Lee's other basis for federal question jurisdiction is alleging a violation under 42 U.S.C. § 1983. (Dkt. 1 at 3).

4

Section 1983 creates a cause of action for the deprivation of constitutional rights by a state official or a person otherwise acting under the color of state law. When a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). The "acting under color of state law" element requires that the defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Here, Lee fails to allege any facts indicating that Freedom Mortgage deprived him of a constitutional right in violation of § 1983, nor that Freedom Mortgage took any actions under color of state law. Accordingly, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's § 1983 claims.

### III. Declaratory Relief

Lee further seeks a declaration that the title to the McKool Ave property is vested exclusively in him and that Freedom Mortgage has no interest in the property (Dkt. 1 at 28). Freedom Mortgage argues that Lee fails to state a cause of action entitling him to such a declaratory judgment (Dkt. 15 at 5).

The Declaratory Judgment Act provides that, subject to certain exceptions, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). Additionally, the Court retains discretion to dismiss a declaratory judgement action when it is duplicative of a plaintiff's other substantive claims. *See Med. Assur. Co. v. Hellman*,

610 F.3d 371, 377 (7th Cir. 2010); *Frazier v. U.S. Bank*, 2013 WL 1337263, at *12 (N.D. Ill. Mar. 29, 2013). Here, Lee's claim for declaratory relief is duplicative of his underlying claims for substantive relief. Lee seeks a declaration on the issues that the Court will decide in addressing Lee's substantive claims. *Frazier v. U.S. Bank Nat. Ass'n*, 2013 WL 1337263, at *12 (N.D. Ill. Mar. 29, 2013). Accordingly, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's declaratory relief claims. Although the Court has dismissed his independent grounds for lack of jurisdiction, the Court will address his state law claims which also must be dismissed.

### IV. Fraud Claims
#### a. Common Law Fraud

Lee generally alleges that Freedom Mortgage committed fraud when they threatened foreclosure on the McKool Ave. property, despite not being a "real party in interest[.]" (Dkt. 15 at 13). Lee also alleges that Freedom Mortgage committed fraud when it concealed the fact that the mortgage loan was securitized. (*Id.* at 15). Freedom Mortgage argues Lee fails to plead fraud with specificity, as required by Rule 9(b). (*Id.* at 4).

To state a common law fraud claim under Illinois law, Lee must allege that (1) Freedom Mortgage made a false statement or omission of material fact, (2) Freedom Mortgage knew of or believed in its falsity, (3) Freedom Mortgage intended to induce Lee to act, (4) Lee acted in reliance on the truth of Freedom Mortgage's statement, and (5) damages resulted from Lee's reliance. *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018) (citing *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996)). Lee fails to set forth any of the required elements of a fraud claim or any facts entitling him to relief. Lee simply alleges that Freedom Mortgage is "committing fraud" by threatening foreclosure without possession of the original promissory note. (*Id.* at 13). Lee fails to support his accusation of fraudulent conduct with any facts that indicate misrepresentations, nor does he identify any specific misrepresentation that induced him to take any action. Although Lee alleges that he voluntarily failed to make mortgage payments to Freedom Mortgage until an

6

"investigation was conducted" into his hollow claims of fraud, he fails to cite any provision in the mortgage agreement or other legal basis that would allow him to stop making payments on his mortgage loan. (*Id.* at 5). Accordingly, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's common law fraud claims.

### b. Fraudulent Concealment

To the extent Lee claims fraudulent concealment, Lee must allege, in addition to the required fraud elements, that Freedom Mortgage intentionally omitted or concealed a material fact that it was under a duty to disclose to Lee. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (citing *Weidner v. Karlin,* 932 N.E.2d 602, 605 (Ill. App. Ct. 2010)). Lee alleges that Freedom Mortgage concealed the fact that they were not a "depository bank," that the mortgage was securitized, and the terms of the securitization agreement. (Dkt. 15 at 14–15). According to Lee, this included concealing financial incentives paid, the existence of credit enhancement agreements, and the existence of acquisition provisions. (*Id*. at 15). Lee alleges that Freedom Mortgage's concealments induced him to sign a security agreement with Freedom Mortgage, thereby causing him damages in an amount he claims is "to be proven at trial." (Dkt. 1 at 15–16).

Lee's allegations, however, fail to satisfy an element of a fraudulent concealment claim: a duty to disclose. To establish a fraudulent concealment claim, "a plaintiff must allege that the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 571 (7th Cir. 2012) (citing *Weidner v. Karlin,* 932 N.E.2d 602, 605 (Ill. App. Ct. 2010)). Relying on bald assertions, Lee fails to set forth any facts that allow the Court to reasonably infer that Freedom Mortgage failed to disclose any material facts related to the existence of financial incentives, credit enhancement agreements, or acquisition provisions. Once again, Lee fails to allege how he was damaged by these alleged facts. Because Lee fails to establish the elements of a fraudulent concealment claim under the heightened pleading requirement

of Rule 9(b) and Rule 8, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's fraudulent concealment claims.

V.      **Breach of Fiduciary Duty**

Construing Lee's allegations liberally, Lee's breach of fiduciary duty claim appears to arise under state common law. Lee contends that Freedom Mortgage failed to adhere to its fiduciary duties when Freedom Mortgage failed to "release and satisfy the real property lien deed" after receiving all required amounts (Dkt. 1 at 27). Further, Lee alleges that Freedom Mortgage never advised him that they were not the loaning party or that the promissory note was exchanged. (*Id.*) Freedom Mortgage moves to dismiss, claiming Lee has failed to state a cause of action for breach of fiduciary duty. (Dkt. 15 at 7).

Generally, a mortgagee is not a fiduciary of a mortgagor. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 782 (7th Cir. 2015). Certain circumstances may, however, render the debtor-creditor relationship between a mortgagor and mortgagee a fiduciary relationship. *See Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992). "A fiduciary duty may arise 'on an ad hoc basis' where an individual or entity solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy and the other is not expert and accepts the offer and reposes complete trust in him . . . ." *Jones v. Countrywide Home Loans, Inc.*, 2010 WL 551418, at *5 (N.D. Ill. 2010) (citing *Burdett v. Miller*, 957 F.2d 1375, 1381 (7th Cir. 1992)). Lee makes no such allegations. Although a fiduciary relationship may occur when one party, due to a close relationship, relies heavily on the judgment of another, "the conventional mortgagor-mortgagee relationship, standing alone, is insufficient to sustain an allegation of a fiduciary relationship." *Olszewski v. Quicken Loans Inc.*, 2013 WL 317060, at *3 (N.D. Ill. 2013) (citing *Stern v. Great Western Bank*, 959 F. Supp. 478, 487 (N.D. Ill. 1997)). According to Lee's Complaint, Freedom Mortgage serves as nothing more than a mortgagor

8

to Lee, which does not give rise to a fiduciary duty. *Id.* Accordingly, Freedom Mortgage's motion to dismiss is granted as it relates to Lee's breach of fiduciary duty claims.

## CONCLUSION

Freedom Mortgage's motion to dismiss [15] for lack or jurisdiction is granted.

_____
Virginia M. Kendall
United States District Judge

Date: January 7, 2025